**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

DR. ELLIOT MCGUCKEN, an individual,

Plaintiff,

v.

167986 CANADA INC., a Canadian corporation
individually and doing business as "KARMIN
GROUP," "KARMIN INDUSTRIES," and "KI
PUZZLES"; PLAYVIEW BRANDS, INC., a
Canadian corporation individually and doing
business as "KARMIN INTERNATIONAL";
and Does 1-10, inclusive,

                                        Defendants.

Case No.:

**PLAINTIFF'S COMPLAINT FOR:**

1.  COPYRIGHT INFRINGEMENT

2.  VICARIOUS AND/OR
    CONTRIBUTORY COPYRIGHT
    INFRINGEMENT

3.  VIOLATIONS OF THE DIGITAL
    MILLENNIUM COPYRIGHT ACT
    (17 U.S.C. §1202)

Jury Trial Demanded

Plaintiff, Dr. Elliot McGucken ("McGucken"), by and through his undersigned attorneys, hereby prays to this honorable Court for relief based on the following:

## JURISDICTION AND VENUE

1.      This action arises under the Copyright Act of 1976, Title 17 U.S.C., § 101 *et seq*.

2.      This Court has federal question jurisdiction under 28 U.S.C. § 1331 and 1338 (a)-(b).

3.      Venue in this judicial district is proper under 28 U.S.C. § 1391(c) and 1400(a) in that this is the judicial district in which a substantial part of the acts and omissions giving rise to the claims occurred.

## PARTIES

4.      Plaintiff McGucken is an individual residing in Los Angeles, California.

5.      McGucken is informed and believes and thereon alleges that Defendant 167986 CANADA INC. is a Canadian corporation individually and doing business as "KARMIN GROUP," "KARMIN INDUSTRIES," and "KI PUZZLES" (collectively "Karmin") and is doing business in this district including through selling its products in this jurisdiction and/or distributing said products to retailers that Karmin knew or reasonably expected to sell its products in this jurisdiction.

6.      McGucken is informed and believes and thereon alleges that Defendant Playview Brands, Inc. ("Playview") is a Canadian company and is doing business in this district including through selling its products in this jurisdiction and/or distributing said products to retailers that Playview knew or reasonably expected to sell its products in this jurisdiction

7.      On information and belief, McGucken alleges that Defendants DOES 1 through 10 (collectively, "DOE Defendants") (altogether with Karmin and Playview, "Defendants") are

other parties not yet identified who have infringed McGucken's copyrights, have contributed to the infringement of McGucken's copyrights, or have engaged in one or more of the wrongful practices alleged herein. The true names, whether corporate, individual or otherwise, of DOE Defendants are presently unknown to McGucken, who therefore sues said DOE Defendants by such fictitious names and will seek leave to amend this Complaint to show their true names and capacities when same have been ascertained.

8.      On information and belief, McGucken alleges that at all times relevant hereto each of the Defendants was the agent, affiliate, officer, director, manager, principal, alter-ego, and/or employee of the remaining Defendants and was at all times acting within the scope of such agency, affiliation, alter-ego relationship and/or employment; and actively participated in or subsequently ratified and adopted, or both, each and all of the acts or conduct alleged, with full knowledge of all the facts and circumstances, including, but not limited to, full knowledge of each and every violation of McGucken's rights and the damages to McGucken proximately caused thereby.

## CLAIMS RELATED TO MCGUCKEN'S PHOTOGRAPH

9.      McGucken is an acclaimed photographer with large portfolio of award-winning landscape and nature photography who created and owns the original photographs depicted in **Exhibit A** attached hereto ("Subject Photographs").

10.     McGucken has registered each the Subject Photographs with the U.S. Copyright Office and owns registration certificates confirming same.

11.     Prior to the acts complained of herein, McGucken published and widely publicly displayed and disseminated the Subject Photograph including without limitation on McGucken's website*s*, online profiles, and other pages.

12.     On information and belief, the Subject Photographs were additionally displayed and offered for licensing and sale on Shutterstock.com without McGucken's authorization or consent and was at issue in a lawsuit between McGucken and Shutterstock, Inc. at Case No. 1:22-cv-00905-JHR in the Southern District of New York.

13.     On information and belief, Karmin is a customer of Shutterstock, Inc.

14.     On information and belief, Karmin manufactures and sells puzzles under the brand name "KI Puzzles," and advertises on its official website that Karmin "license[s] images from top artists around the world" and has a vast collection of "licensed and unlicensed puzzles."

15.     On information and belief, Playview works with Karmin to sell puzzles under the KI Puzzles brand and also operates under the name "Karmin International."

16.     On information and belief, Karmin and Playview sell KI Puzzles products to and through numerous retailers and marketplaces in the United States and the state of New York, and through their established relationships with these retailers and marketplaces including without limitation Amazon.com, Target, Walmart, Barnes & Noble, and Hobby Lobby, and Karmin and Playview each know or should reasonably expect that their products are sold in New York.

17.     Following the dissemination and display of the Subject Photographs described above, Defendants, and each of them copied, reproduced, displayed, distributed, created derivative works, and/or otherwise used the Subject Photographs without license, authorization, or consent, from McGucken including by manufacturing, distributing, and offering for sale and selling puzzles comprised entirely of the Subject Photographs in their "Nature's Beauty" series of puzzles, sold under the KI Puzzles brand ("Infringing Puzzles"), and further by reproducing and publicly displaying the Infringing Puzzles in promotional posts on Karmin and Playview's

commercial social media profiles ("Infringing Post")  True and correct images of the Infringing

Puzzles and Infringing Post are depicted in **Exhibit B** attached hereto.

18.    On information and belief, Karmin and Playview sold the Infringing Puzzles in

packaging stating "Image used under license from Shutterstock.com" and with a copyright notice

stating "(c) 2020 Karmin International," falsely indicating to the public that Karmin and/or

Playview own the copyrights in or to the photographs depicted in the Infringing Puzzles.

19.    As of the date of filing, Defendants continue to exploit the Subject Photographs

including without limitation through continuing to exploit same on Defendants' commercial

Instagram in the Infringing Post.

20.    McGucken has not in any way authorized Defendants, or any of them, to copy,

reproduce, display, distribute, create derivative works of, or otherwise use the Subject

Photographs.

## FIRST CLAIM FOR RELIEF

### (For Copyright Infringement – Against all Defendants, and Each)

21.     McGucken repeats, re-alleges, and incorporates herein by reference as though

fully set forth, the allegations contained in the preceding paragraphs of this Complaint.

22.     On information and belief, McGucken alleges that Defendants, and each of them,

had access to the Subject Photographs, including, without limitation, through (a) viewing the

Subject Photograph on McGucken's website, (b) viewing Subject Photographs online, (c)

viewing Subject Photographs through a third party, and (d) obtaining the Subject Photograph

from the online image licensor Shutterstock. Access is further evidenced by the Subject

Photographs' exact reproduction in the Infringing Puzzles and Infringing Post.

23.     On information and belief, McGucken alleges that Defendants, and each of them, copied, reproduced, displayed, and distributed the Subject Photographs, including without limitation as seen in **Exhibit B** attached hereto.

24.     On information and belief, McGucken alleges that Defendants, and each of them, infringed McGucken's copyrights by creating infringing derivative works from the Subject Photographs and publishing same to the public.

25.     Due to Defendants', and each of their, acts of infringement, McGucken has suffered general and special damages in an amount to be established at trial.

26.     Due to Defendants', and each of their, acts of copyright infringement as alleged herein, Defendants, and each of them, have obtained direct and indirect profits they would not otherwise have realized but for their infringement of McGucken's rights in the Subject Photographs. As such, McGucken is entitled to disgorgement of Defendants' profits directly and indirectly attributable to Defendants' infringement of McGucken's rights in the Subject Photographs in an amount to be established at trial.

27.     On information and belief, McGucken alleges that Defendants, and each of them, have committed acts of copyright infringement, as alleged above, which were willful, intentional and malicious, evidenced by the continued and new unlawful usage of the Subject Photographs even after being put on notice that such use is infringing on McGucken's copyright, which further subjects Defendants, and each of them, to liability for statutory damages under Section 504(c)(2) of the Copyright Act in the sum of up to $150,000.00 per infringement and/or a preclusion from asserting certain equitable and other defenses.

## SECOND CLAIM FOR RELIEF

**(For Vicarious and/or Contributory Copyright Infringement – Against all Defendants, and Each)**

28.     McGucken repeats, re-alleges, and incorporates herein by reference as though fully set forth, the allegations contained in the preceding paragraphs of this Complaint.

29.     On information and belief, McGucken alleges that Defendants knowingly induced, participated in, aided and abetted in and profited from the illegal reproduction and distribution of the Subject Photographs as alleged hereinabove. Such conduct included, without limitation, publishing photographs obtained from third parties that Defendants knew, or should have known, were not authorized to be published by Defendants, and providing the Subject Photographs to their retailers and distributors for further use.

30.     On information and belief, McGucken alleges that Defendants, and each of them, are vicariously liable for the infringement alleged herein because they had the right and ability to supervise the infringing conduct and because they had a direct financial interest in the infringing conduct. Specifically, Defendants, and each of them, profited in connection with the Infringing Puzzles, and were able to supervise the distribution, broadcast, and publication of the Infringing Puzzles.

31.     On information and belief, McGucken alleges that Defendants, and each of them, distributed and sold the Infringing Puzzles that incorporate the Subject Photographs without consent to third parties, including online and brick-and-mortar retailers, financially benefited from this distribution, and had the right to recall the puzzles or otherwise stop or limit the infringement.

32.     On information and belief, McGucken alleges that Defendants, and each of them, received notice that the Infringing Puzzles at issue included infringing content and thereafter

continued to sell and distribute those puzzles to third parties, including online and brick-and-mortar retailers, and failed to recall said puzzles or take steps to address the infringement.

33.    By reason of the Defendants', and each of their, acts of contributory and vicarious infringement as alleged above, McGucken has suffered general and special damages in an amount to be established at trial.

34.    Due to Defendants' acts of copyright infringement as alleged herein, Defendants, and each of them, have obtained direct and indirect profits they would not otherwise have realized but for their infringement of McGucken's rights in the Subject Photographs. As such, McGucken is entitled to disgorgement of Defendants' profits directly and indirectly attributable to Defendants' infringement of McGucken's rights in the Subject Photographs, in an amount to be established at trial.

35.    On information and belief, McGucken alleges that Defendants, and each of them, have committed acts of copyright infringement, as alleged above, which were willful, intentional and malicious, which further subjects Defendants, and each of them, to liability for statutory damages under Section 504(c)(2) of the Copyright Act in the sum of up to $150,000.00 per infringement and/or a preclusion from asserting certain equitable and other defenses.

## THIRD CLAIM FOR RELIEF

### (For Violations of the Digital Millennium Copyright Act (17 U.S.C. §1202 – Against all Defendants, and Each)

36.    McGucken repeats, re-alleges, and incorporates herein by reference as though fully set forth, the allegations contained in the preceding paragraphs of this Complaint.

37.    McGucken regularly published the Subject Photograph with copyright management information ("CMI"), as that phrase is used in 17 USC § 1202. McGucken's CMI

included, without limitation, his name, company name, copyright notice, metadata, and other identifying information. The CMI was prominently displayed and would be viewed by visitors to McGucken's website and online profiles.

38.     On information and belief, McGucken alleges that Defendants, and each of them, intentionally removed and altered McGucken's violated 17 U.S.C. §1202(b) before copying, reproducing, distributing, and displaying the Subject Photograph.

39.     On information and belief, McGucken alleges that Defendants, and each of them, did distribute or import for distribution copyright management information knowing that the CMI has been removed or altered without authority of McGucken or the law.

40.     On information and belief, McGucken alleges that Defendants, and each of them, did distribute and publicly display works and copies of works knowing that copyright management information has been removed or altered without authority of McGucken or the law, knowing, or, with respect to civil remedies under 17 USC § 1203, having reasonable grounds to know, that it will induce, enable, facilitate, or conceal an infringement of any right under this title.

41.     On information and belief, McGucken alleges that Defendants, and each of them, in violation of 17 § USC 1202(a), knowingly and with the intent to induce, enable, facilitate, or conceal infringement provided false copyright management information when they added false attribution information to uses of the Subject Photograph, including displaying the Subject Photograph with a copyright notice attributing copyright ownership to Shutterstock and/or Defendants and tagging the Infringing Post with "Playview_brands" directly onto the photograph, as depicted in **Exhibit B** attached hereto.

42.      On information and belief, McGucken alleges that Defendants, and each of them knew, that they were providing false copyright management information to its copies of the Subject Photograph and distributing copyright management information that was false at the time it distributed its unauthorized copies of the Subject Photographs.

43.      Defendants, and each of them, removed and falsified the copyright management information relevant to the Subject Photograph knowing that it would conceal and facilitate the infringement at issues.

44.      The above conduct is in violation of the Digital Millennium Copyright Act and exposes Defendants, and each of them, to additional and enhanced common law and statutory damages, attorneys' fees, and penalties pursuant to 17 USC § 1203 and other applicable law.

45.      On information and belief, McGucken alleges that Defendants, and each of their, conduct as alleged herein was willful, reckless, and/or with knowledge, and McGucken resultantly seeks enhanced damage and penalties.

## **PRAYER FOR RELIEF**

Wherefore, Plaintiff prays for judgment as follows:

### **Against all Defendants, and Each with Respect to Each Claim for Relief:**

a.  That Defendants, and each of them, as well as their employees, agents, or anyone acting in concert with them, be enjoined from infringing McGucken's copyright in the Subject Photograph, including without limitation an order requiring Defendants, and each of them, to remove any content incorporating, in whole or in part, the Subject Photograph from any print, web, or other publication owned, operated, or controlled by any Defendant.

b.  That McGucken be awarded all profits of Defendants, and each of them, plus all losses of McGucken, plus any other monetary advantage gained by the Defendants, and each of them, through their infringement, the exact sum to be proven at the time of trial, and, to the extent available, statutory damages as available under the 17 U.S.C. § 504, 17 U.S.C. §1203, and other applicable law.

c.  That a constructive trust be entered over any revenues or other proceeds realized by Defendants, and each of them, through their infringement of McGucken's intellectual property rights;

d.  That McGucken be awarded his attorneys' fees as available under the Copyright Act U.S.C. § 505 et seq.;

e.  That McGucken be awarded his costs and fees under the above statutes;

f.  That McGucken be awarded statutory and enhanced damages under the statutes set forth above;

g.  That McGucken be awarded pre-judgment interest as allowed by law;

h.  That McGucken be awarded the costs of this action; and

i.  That McGucken be awarded such further legal and equitable relief as the Court deems proper.

Plaintiff demands a jury trial on all issues so triable pursuant to Fed. R. Civ. P. 38 and the 7th Amendment to the United States Constitution.

Respectfully submitted,

Dated: February 19, 2025          DONIGER / BURROUGHS
New York, New York

By:  */s/ David Michael Stuart Jenkins*
Scott Alan Burroughs, Esq.

David M.S. Jenkins, Esq.
*Attorneys for Plaintiff*

## Exhibit A

| Subject Photographs |
|---|









COMPLAINT



COMPLAINT

Exhibit B

**Infringing Puzzles**













**Infringing Post**

