UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

DR. ELLIOT MCGUCKEN,

Plaintiff,

- against -

167986 CANADA INC., ET AL.,

Defendants.

25-cv-1419 (JGK)

**Memorandum Opinion and Order**

**John G. Koeltl, District Judge:**

The plaintiff, Dr. Elliot McGucken, brings this action against 167986 Canada Inc. ("Karmin"), Playview Brands, Inc. ("Playview"), and Does 1–10 for copyright infringement, vicarious and contributory copyright infringement, and violations of the Digital Millennium Copyright Act, 17 U.S.C. § 1202 ("DMCA"). The plaintiff alleges that the defendants used five of his photographs without permission on jigsaw puzzles and in an Instagram post.

The defendants move to dismiss the vicarious and contributory copyright infringement and DMCA claims in the First Amended Complaint ("FAC") pursuant to Federal Rule of Civil Procedure 12(b)(6). They also move pursuant to Rule 12(f) to strike the plaintiff's requests for statutory damages, enhanced damages, attorney's fees, and other relief. The defendants do not move to dismiss the plaintiff's claim for direct copyright infringement. For the following reasons, the defendants' motion is **granted in part** and **denied in part**.

# I.

The following facts are taken from the FAC and are accepted as true for the purposes of this motion. The Court also takes judicial notice of the Copyright Office's records of the plaintiff's registrations. See Lackman Decl., Ex. A, ECF No. 24-1; Island Software & Computer Serv., Inc. v. Microsoft Corp., 413 F.3d 257, 261 (2d Cir. 2005).

The plaintiff is a professional landscape and nature photographer. FAC ¶ 9. He created the five photographs at issue (the "Subject Photographs") and has registered them with the United States Copyright Office. Id. ¶¶ 9–10. Before the alleged infringing conduct began, the plaintiff displayed the Subject Photographs on his websites and online profiles, including on his Flickr profile, to which the defendants had access. Id. ¶¶ 11, 25. The Subject Photographs appeared in those sources with the plaintiff's name, the titles of the works, and the notice "© All Rights Reserved." Id. ¶¶ 11, 42.

The plaintiff alleges, on information and belief, that the Subject Photographs were "displayed and offered for licens[e] and sale on Shutterstock.com without [his] authorization." FAC ¶ 12. Shutterstock is a website that licenses photographs. In 2022, the plaintiff sued Shutterstock in this District, and that action remains pending. See id.; McGucken v. Shutterstock, Inc., No. 22-cv-905 (S.D.N.Y.) (the "Shutterstock Action"). In that action, the district court granted summary judgment to Shutterstock. See McGucken v. Shutterstock, Inc., No. 22-cv-905, 2023 WL 6390530, at *1 (Oct. 2, 2023). The Court of Appeals affirmed as to the plaintiff's Section 1202

claims, vacated as to his copyright infringement claims, and remanded the case to the district court. See McGucken v. Shutterstock, Inc., 166 F.4th 361, 366–67 (2d Cir. 2026).

Karmin is a Canadian corporation that manufactures and sells puzzles under the brand name "KI Puzzles." FAC ¶¶ 5, 14. Karmin is a Shutterstock customer. Id. ¶ 13. Playview, also a Canadian corporation, works with Karmin to sell KI Puzzles products under the name "Karmin International." Id. ¶¶ 6, 15. The defendants sell KI Puzzles products through retailers throughout the United States, including in New York. Id. ¶ 16.

The defendants reproduced the Subject Photographs on a series of puzzles sold under the KI Puzzles brand as part of a "Nature's Beauty" series (the "Infringing Puzzles"). FAC ¶ 17. The plaintiff did not authorize this use. Id. ¶¶ 17, 23. The packaging of the Infringing Puzzles states "Image used under license from Shutterstock.com." It also bears a copyright notice stating "© 2020 Karmin International" and "All Rights Reserved," and it identifies Karmin International as the puzzles' marketer and distributor. Id. ¶ 18 & p. 10.

On July 20, 2023, the "playview brands" Instagram account published a promotional post displaying one of the Infringing Puzzles and its assembled image (the "Instagram Post"). FAC ¶ 19. The Instagram Post bears the tags "playview_brands" and "puzzlesbydebbie." Id. ¶ 19 & pp. 11–12.

At a time the FAC does not specify, Shutterstock sent "kill notices" to some of its customers who had obtained the plaintiff's photographs from Shutterstock. FAC ¶ 21. The plaintiff alleges that the defendants received

notice that the Infringing Puzzles contained infringing content and thereafter continued to sell them and failed to recall them. Id. ¶ 37. He further alleges that after the kill notices were sent, and as of the date this action was filed, the defendants continued to display the Instagram Post. Id. ¶¶ 22, 30.

The plaintiff brought this action on February 19, 2025, and filed the FAC on March 13, 2026. See ECF Nos. 1, 21. In his FAC, the plaintiff asserts three claims: (1) direct copyright infringement; (2) vicarious and contributory copyright infringement; and (3) violations of 17 U.S.C. § 1202(a) and (b).

## II.

In deciding a motion to dismiss pursuant to Rule 12(b)(6), the allegations in the complaint are accepted as true, and all reasonable inferences must be drawn in the plaintiff's favor. See McCarthy v. Dun & Bradstreet Corp., 482 F.3d 184, 191 (2d Cir. 2007). The Court's function on a motion to dismiss is "not to weigh the evidence that might be presented at a trial but merely to determine whether the complaint itself is legally sufficient."[1] Goldman v. Belden, 754 F.2d 1059, 1067 (2d Cir. 1985).

The Court should not dismiss the complaint if the plaintiff has stated "enough facts to state a claim to relief that is plausible on its face." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."

---

[1] Unless otherwise noted, this Memorandum Opinion and Order omits all internal alterations, citations, footnotes, and quotation marks in quoted text.

Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009). While the Court should construe the factual allegations in the light most favorable to the plaintiff, "the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions." Id.

The Twombly plausibility standard "does not prevent a plaintiff from pleading facts alleged upon information and belief where the facts are peculiarly within the possession and control of the defendant, or where the belief is based on factual information that makes the inference of culpability plausible." Arista Records, LLC v. Doe 3, 604 F.3d 110, 120 (2d Cir. 2010).

When presented with a motion to dismiss pursuant to Rule 12(b)(6), the Court may consider "matters of which judicial notice may be taken" if it is "integral to the [operative] complaint." See Chambers v. Time Warner, Inc., 282 F.3d 147, 153–54 (2d Cir. 2002). The Court may take judicial notice of filings in other litigation, but only "to establish the fact of such litigation and related filings," not "for the truth of the matters asserted in other litigation." Kramer v. Time Warner Inc., 937 F.2d 767, 774 (2d Cir. 1991); see also Global Network Commc'ns, Inc. v. City of New York, 458 F.3d 150, 157 (2d Cir. 2006).

**III.**

The parties' papers are filled with recrimination. The defendants describe themselves as innocent victims of a fraud perpetrated on Shutterstock, and they describe the plaintiff as a professional litigant seeking a windfall. The plaintiff accuses the defendants of mudslinging and of

misstating his pleading. The Court cannot resolve those competing characterizations on a motion to dismiss.

Moreover, much of the defendants' motion asks the Court to read the FAC in light of the record in the Shutterstock Action, the plaintiff's other lawsuits, and facts asserted in the declaration of the defendants' counsel. See, e.g., Lackman Decl. ¶ 4. The Court cannot do so on this motion. See Fed. R. Civ. P. 12(d); Friedl v. City of New York, 210 F.3d 79, 83–84 (2d Cir. 2000). The question on this motion is whether the FAC, read on its own terms, plausibly states the claims it asserts.

**A.**

The defendants move to dismiss the plaintiff's DMCA claim, arising under both Section 1202(a) and Section 1202(b).

Section 1202(a) provides that "[n]o person shall knowingly and with the intent to induce, enable, facilitate, or conceal infringement—(1) provide copyright management information that is false, or (2) distribute or import for distribution copyright management information that is false." 17 U.S.C. § 1202(a). Copyright management information ("CMI") includes, among other things, "[t]he name of, and other identifying information about, the copyright owner of the work, including the information set forth in a notice of copyright," when "conveyed in connection with copies" of the work. Id. § 1202(c) & (c)(3). To state a claim under Section 1202(a), "a plaintiff must show that a defendant (i) knowingly provided false CMI (ii) with the intent to induce, enable,

facilitate, or conceal an infringement." Steinmetz v. Shutterstock, Inc., 629 F. Supp. 3d 74, 85 (S.D.N.Y. 2022). The defendant "must both have actual knowledge that the CMI at issue is false and have acted with the intent to induce, enable, facilitate, or conceal infringement." McGucken, 166 F.4th at 369.

Section 1202(b) prohibits, among other things, intentionally removing or altering CMI, and distributing copies of works "knowing that [CMI] has been removed or altered without authority," where the defendant "know[s]" or has "reasonable grounds to know" that doing so "will induce, enable, facilitate, or conceal an infringement." 17 U.S.C. § 1202(b). To state a claim under Section 1202(b)(3), a plaintiff must plausibly allege the following:

> (1) the existence of CMI in connection with a copyrighted work; and (2) that a defendant "distributed. . . works or copies of works"; (3) while knowing that CMI has been removed or altered without authority of the copyright owner or the law; and (4) while knowing, or. . . having reasonable grounds to know that such distribution will induce, enable, facilitate, or conceal an infringement.

Mango v. Buzzfeed, Inc., 970 F.3d 167, 171 (2d Cir. 2020) (quoting 17 U.S.C. § 1202(b)).

Both provisions thus impose a "double-scienter" requirement. Mango, 970 F.3d at 171; Steinmetz, 629 F. Supp. 3d at 85. "Malice, intent, knowledge, and other conditions of a person's mind," however, "may be alleged generally." Fed. R. Civ. P. 9(b). Courts in this Circuit are "lenient in allowing scienter issues . . . to survive motions to dismiss." In re DDAVP Direct Purchaser

Antitrust Litig., 585 F.3d 677, 693 (2d Cir. 2009); see Lixenberg v. Complex Media, Inc., 808 F. Supp. 3d 625, 637 (S.D.N.Y. 2025).

i.

The plaintiff plausibly alleges a claim under Section 1202(a).

Affixing one's own copyright notice to a copy of another's work can constitute false CMI. See Trombetta v. Novocin, No. 18-cv-993, 2021 WL 6052198, at *10 (S.D.N.Y. Dec. 21, 2021); Wood v. Observer Holdings, LLC, No. 20-cv-7878, 2021 WL 2874100, at *6 (S.D.N.Y. July 8, 2021). In addition to the "playview_brands" and "puzzlesbydebbie" tags on the Instagram Post, the plaintiff alleges that the packaging of every Infringing Puzzle bore a copyright notice stating "© 2020 Karmin International," from which it could reasonably be inferred that the defendants claimed they owned the copyright in the photographs depicted on the puzzles. FAC ¶¶ 18, 46–47 & p. 10.

The defendants respond that the packaging identified Shutterstock as the source of the image rather than as its owner. See FAC ¶ 18 & p. 10 ("packaging stating 'Image used under license from Shutterstock.com'"). But the "© 2020 Karmin International" notice also plainly appears on the packaging that reproduces the Subject Photograph, and that notice identifies a copyright owner, not a source. Id. At this stage, "unless it is implausible that a viewer could understand the information to be referring to the defendant as the work's copyright holder, dismissal is inappropriate." Lixenberg, 808 F. Supp. 3d at 641. It is plausible that a purchaser of the Infringing Puzzles would

read the notice as a claim of copyright in the image that makes up the puzzle. See Trombetta, 2021 WL 6052198, at *10; Wood, 2021 WL 2874100, at *6.

The plaintiff also plausibly alleges double scienter. First, the plaintiff alleges he owns the copyright to the Subject Photographs reproduced on the defendants' puzzles. He alleges that the defendants manufactured and sold those puzzles with a Karmin International copyright notice affixed to box, and that the defendants obtained the photographs from Shutterstock. The defendants do not dispute they placed the copyright notice on the packaging, and they assert that they licensed the photographs rather than owned them. On the face of the FAC as well as the defendants' motion, then, it could reasonably be inferred that the defendants knew they did not hold the copyright in the images when they affixed a notice claiming copyright for Karmin International.

Second, the plaintiff alleges that Shutterstock sent kill notices to customers who had obtained some of the plaintiff's photographs, and that Karmin was a customer of Shutterstock. He alleges that the defendants received notice that the Infringing Puzzles contained infringing content and nevertheless continued to sell them. And he alleges that the defendants continued to display one of the Subject Photographs in the Instagram Post after the kill notices were sent. From these general allegations, it could reasonably be inferred that the defendants received the kill notices from Shutterstock about the Subject Photographs and thus knowingly continued to distribute the false CMI to facilitate or conceal infringement. The defendants

dispute whether they received a kill notice, when they received it, and what it covered. Those are factual disputes that cannot be resolved on this motion. See In re DDAVP Direct Purchaser Antitrust Litig., 585 F.3d at 693.

The defendants rely on the Court of Appeals' decision in the Shutterstock Action, but that decision does not require dismissal in this case. In that case, the Court of Appeals affirmed in part summary judgment on a developed record. See McGucken, 166 F.4th at 366. That record showed that Shutterstock applied its watermark automatically to every image on its platform and contained no evidence that Shutterstock did so knowing the watermark was false CMI or intending to conceal infringement. See id. at 370. The plaintiff in this case alleges that the defendants deliberately printed their own copyright notice on a physical product and continued selling that product after receiving notice of the infringement. Whether the defendants in fact acted with the required knowledge and intent is a question that cannot be decided on this motion to dismiss.

Because the copyright notice on the Infringing Puzzles is sufficient to state a claim under Section 1202(a), the Court need not decide at this stage whether the Instagram tags also constitute false CMI. The motion to dismiss the plaintiff's DMCA claim under Section 1202(a) is **denied**.

**ii.**

The plaintiff also plausibly alleges all four elements of a Section 1202(b)(3) claim. First, the plaintiff alleges that he displayed the Subject

Photographs with CMI—his name, the titles of the works, and a copyright notice—on his websites and Flickr profile. See Mango, 970 F.3d at 171 (CMI displayed with a copyrighted work). Second, the plaintiff alleges that the defendants distributed copies of the Subject Photographs on the Infringing Puzzles and in the Instagram Post. See id. (the defendants distributed the copyrighted work). Third, the plaintiff alleges that the defendants had access to the plaintiff's displays of the Subject Photographs and received a kill notice about them. See id. (the defendants knew the CMI was removed or altered without permission). Fourth, the plaintiff alleges that after the kill notice, the defendants continued to sell the puzzles and publish the Instagram Post, displaying the Subject Photographs without the plaintiff's name or copyright notice and with the defendants' notice in its place. See id. (the defendants knew or had reason to know that distributing the work would conceal an infringement). Similar allegations have been held sufficient to survive a motion to dismiss. See Lixenberg, 808 F. Supp. 3d at 638–39; Wood, 2021 WL 2874100, at *6.

The defendants' principal argument is that no CMI was attached to the images when the defendants obtained them from Shutterstock. On that view, the defendants could not have removed the CMI or known that it had been removed. That argument depends on the record in the Shutterstock Action, including how Shutterstock processed uploaded images, rather than on the allegations of the FAC. The defendants cannot use the factual record of a

separate proceeding to contradict the allegations of the complaint on a motion to dismiss. See Kramer, 937 F.2d at 774.

The plaintiff does allege that the defendants obtained the Subject Photographs from Shutterstock. But he also pleads that source as one of several alternative avenues through which the defendants had access to the photographs, along with the plaintiff's own displays that included his CMI. A plaintiff may plead in the alternative. See Fed. R. Civ. P. 8(d)(2)–(3). Moreover, where and how the defendants obtained the images, and what information accompanied them, are matters peculiarly within the defendants' knowledge. See Arista Records, 604 F.3d at 120.

Accordingly, the motion to dismiss the plaintiff's DMCA claim under Section 1202(b) is **denied**.

**iii.**

The defendants also request attorney's fees under 17 U.S.C. § 1203(b)(5) for having to respond to the plaintiff's Section 1202 claim. That provision, however, permits an award of fees only to a "prevailing party." Id. The defendants have not prevailed at this point in the litigation, and therefore the request is **denied without prejudice**.

**B.**

The plaintiff's second claim asserts vicarious and contributory copyright infringement.

**i.**

In his opposition submission, the plaintiff states that, in light of Cox Commc'ns, Inc. v. Sony Music Entertainment, 607 U.S. 583 (2026), he will no longer pursue a claim for contributory infringement and proceeds only on a theory of vicarious infringement. The defendants' motion to dismiss the plaintiff's contributory infringement claim is therefore **granted**, and that claim is **dismissed**.

**ii.**

"[O]ne may be vicariously liable if he has the right and ability to supervise the infringing activity and also has a direct financial interest in such activities." Gershwin Publ'g Corp. v. Columbia Artists Mgmt., Inc., 443 F.2d 1159, 1162 (2d Cir. 1971). "[T]o state a claim for vicarious copyright infringement, a plaintiff must [plausibly] allege that a defendant": (1) "has declined to exercise the right and ability to supervise or control the infringing activity"; and (2) "enjoys a direct financial benefit from the infringing activity." White v. DistroKid, 738 F. Supp. 3d 387, 400 (S.D.N.Y. 2024). Actual knowledge of the infringement is not required. See Gershwin, 443 F.2d at 1162.

The plaintiff has alleged enough to proceed on his vicarious infringement claim. Taking the facts alleged in the FAC as true, Playview and Karmin work together to sell puzzles under the names KI Puzzles and Karmin International. The Infringing Puzzles bear a "© 2020 Karmin International" notice and identify Karmin International as their marketer and distributor. Id. ¶ 18 & p. 10. The Instagram Post promoting a KI Puzzles product appeared on the

"playview_brands" account. Id. ¶ 19. Karmin and Playview share a "common management structure" in which one "has the right and ability to supervise, direct, or control" the other's conduct, "including the production, distribution, and sale of the Infringing Puzzles," because both sell puzzles under the same brand names. Id. ¶¶ 33, 35. And because the defendants operate in this way, they could have recalled the Infringing Puzzles after receiving notice of the infringement but instead continued to sell them.

Those allegations are not mere boilerplate. Cf. Klauber Bros., Inc. v. URBN US Retail LLC, No. 21-cv-4526, 2023 WL 1818472, at *8 (S.D.N.Y. Feb. 8, 2023). They describe two affiliated companies that together produced, marketed, and sold the same allegedly infringing products, with one dependent on the other. Which of the two directed the infringing activity, which carried it out, and whether either could have stopped the other cannot be determined without discovery. Those facts are within the defendants' knowledge. See Arista Records, 604 F.3d at 120.

The defendants argue that a party cannot be both directly and secondarily liable for the same conduct. They also argue that the plaintiff must identify a direct infringer other than the defendant. See Hartmann v. Amazon.com, Inc., No. 20-cv-4928, 2021 WL 3683510, at *6 (S.D.N.Y. Aug. 19, 2021). But the FAC alleges that each defendant directly infringed. The direct infringement on which each defendant's vicarious liability is predicated is the conduct of the other defendant. The plaintiff therefore does not seek to hold any defendant secondarily liable for its own acts. The plaintiff is entitled to

plead direct and vicarious liability in the alternative. See Fed. R. Civ. P. 8(d)(2)–(3).

The plaintiff also plausibly alleges direct financial benefit. The Infringing Puzzles consist entirely of the Subject Photographs, and the defendants allegedly profited from their sale. The Instagram Post allegedly promoted that product.

Accordingly, the motion to dismiss the vicarious infringement claim is **denied**.

C.

The defendants also move pursuant to Rule 12(f) to strike the following from the FAC: (1) the plaintiff's requests for statutory damages and attorney's fees; (2) his requests for enhanced damages for willful infringement; (3) his allegations that the defendants acted "willful[ly], intentional[ly] and malicious[ly]"; (4) his requests for "special damages," a "constructive trust," and a "preclusion from asserting certain equitable and other defenses"; and (5) any recovery that would duplicate a recovery in the Shutterstock Action. Defs.' Mem. 16–18 (quoting FAC ¶¶ 28, 30, 31, 38, 40 & pp. 18–19).

Rule 12(f) provides that "[t]he court may strike from a pleading . . . any redundant, immaterial, impertinent, or scandalous matter." Fed. R. Civ. P. 12(f). "However, motions to strike under Rule 12(f) are generally disfavored." Holland v. Chase Bank USA, N.A., 475 F. Supp. 3d 272, 275 (S.D.N.Y. 2020); accord Lipsky v. Commonwealth United Corp., 551 F.2d 887, 893 (2d Cir. 1976) ("[C]ourts should not tamper with the pleadings unless there is a strong reason

for so doing."). Accordingly, such a motion "should be denied unless the challenged allegations have no possible relation or logical connection to the subject matter of the controversy and may cause some form of significant prejudice to one or more of the parties to the action." Porsch v. LLR, Inc., 380 F. Supp. 3d 418, 429 (S.D.N.Y. 2019).

i.

The defendants argue that 17 U.S.C. § 412 bars statutory damages and attorney's fees on the plaintiff's copyright claims. Section 412 provides, with exceptions not relevant here, that "no award of statutory damages or of attorney's fees, as provided by sections 504 and 505, shall be made for . . . any infringement of copyright commenced after first publication of the work and before the effective date of its registration, unless such registration is made within three months after the first publication of the work." 17 U.S.C. § 412 & (2). Where the first act in an ongoing series of infringing acts occurred before registration, statutory damages and fees are unavailable for later infringements in that series. See Troll Co. v. Uneeda Doll Co., 483 F.3d 150, 158–59 (2d Cir. 2007).

The defendants contend that the plaintiff conceded this argument by failing to respond to it. The Court declines to treat the issue as conceded. A court "may, when appropriate, infer from a party's partial opposition that relevant claims or defenses that are not defended have been abandoned." Jackson v. Fed. Express, 766 F.3d 189, 198 (2d Cir. 2014). But the plaintiff did defend his entitlement to statutory damages, although by arguing willfulness.

Moreover, the sufficiency of a pleading is a question of law that the Court must decide on its own reading of the pleading. See McCall v. Pataki, 232 F.3d 321, 322–23 (2d Cir. 2000).

On the present record, the Court cannot determine that statutory damages and fees are unavailable as a matter of law. The registrations of which the Court takes judicial notice became effective on November 24, 25, and 26, 2020. See Lackman Decl., Ex. A, ECF No. 24-1. The defendants assert that the infringement commenced in October 2020, but the FAC does not say so. The page of the FAC that the defendants cite (FAC p. 10) shows only a "© 2020" notice on the puzzle packaging, which does not establish when the Infringing Puzzles were first manufactured, distributed, or sold.

Moreover, even if the first sales of the Infringing Puzzles preceded registration, questions remain that turn on facts not now before the Court: (1) whether the Instagram Post—published by Playview on a different medium three years later—was part of the same continuing series of infringing acts; (2) when each defendant's alleged infringement began; and (3) which registration covers which of the Subject Photographs. These questions are better resolved on a full record.

In any event, Section 412 does not apply to the plaintiff's DMCA claim. By its terms, Section 412 limits awards "as provided by sections 504 and 505." 17 U.S.C. § 412. It does not limit statutory damages or attorney's fees under Section 1203. Because the DMCA claim survives, the plaintiff's requests for statutory damages and attorney's fees cannot be stricken in their entirety.

Moreover, the defendants have not shown that they would be prejudiced by leaving these requests in the FAC while discovery proceeds. The motion to strike the requests for statutory damages and attorney's fees is therefore **denied**.

**ii.**

The defendants also argue the plaintiff is not entitled to enhanced damages because the defendants' conduct was not willful.

Copyright infringement is willful where "the defendant was actually aware of the infringing activity, or . . . the defendant's actions were the result of reckless disregard for, or willful blindness to, the copyright holder's rights." Island Software, 413 F.3d at 262. The plaintiff alleges that the defendants continued to sell the Infringing Puzzles and to display the Instagram Post after receiving notice of the infringement, including, by reasonable inference, Shutterstock's kill notices and the filing of this action. Continued exploitation of a work after notice of infringement can reasonably support a finding of willfulness. See Mcgucken v. Newsweek LLC, 464 F. Supp. 3d 594, 609–10 (S.D.N.Y. 2020). Whether the defendants in fact acted willfully, or instead innocently relied on a license from Shutterstock, is a fact-specific question that cannot be resolved on the pleadings.

The allegations that the defendants acted "willful[ly], intentional[ly] and malicious[ly]" bear directly on that question. FAC ¶¶ 30, 40. They are therefore neither immaterial nor scandalous. The motion to strike the requests for enhanced damages is **denied**.

**iii.**

The defendants' remaining requests are premature.

The defendants correctly note that the statutory damages under 17 U.S.C. § 504(c) are awarded per work infringed, not per act of infringement. See 17 U.S.C. § 504(c)(1). However, the plaintiff's description of the available remedy cannot alter the statute, and the Court will apply Section 504(c) as written if statutory damages are awarded. There is no need to strike the allegation.

Similarly, whether the plaintiff may obtain special damages, a constructive trust, or any limitation on the defendants' equitable defenses depends on the outcome of the case. A final judgment "should grant the relief to which each party is entitled, even if the party has not demanded that relief in its pleadings." Fed. R. Civ. P. 54(c). Conversely, a demand in the pleadings does not entitle a party to relief to which it is not otherwise entitled.

Finally, the defendants' concern about double recovery is speculative. Shutterstock is not a party to this action, and the plaintiff represents that he does not intend to name Shutterstock as a defendant. The defendants have not shown that any recovery in this action would duplicate any recovery in the Shutterstock Action. Cf. Desire, LLC v. Manna Textiles, Inc., 986 F.3d 1253, 1265 (9th Cir. 2021). If that issue arises, it can be addressed at a later stage.

The defendants' motion to strike is **denied**.

## CONCLUSION

The Court has considered all of the arguments of the parties. To the extent not specifically addressed above, those arguments are either moot or without merit. For the foregoing reasons, the defendants' motion to dismiss and to strike is **granted in part** and **denied in part**. The plaintiff's claim for contributory copyright infringement is **dismissed**. The motion is otherwise **denied**. The Clerk is respectfully directed to close ECF No. 22.

**SO ORDERED.**

**Dated:** **New York, New York**
**November 3, 2026**

**John G. Koeltl**
**United States District Judge**